UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND JONES,<br>CDCR #F-47928<br><br>Plaintiff,<br><br>vs.<br><br>MRS. TISCORNIA; MRS. MONRT,<br>Defendants. | Case No.: 3:18-cv-00544-GPC-PCL<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)(ii)** |

**I.    Procedural History**

On March 15, 2018, Garland Jones ("Plaintiff"), a prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), located in San Diego, California, and proceeding pro se, filed a civil complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 at 1.

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

On March 26, 2018, this Court GRANTED Plaintiff's Motion to Proceed IFP and sua sponte DISMISSED his Complaint for failing to state a claim upon which relief could be granted. *See* Doc. No. 4 at 7-8. Plaintiff was granted leave to file an amended his complaint in order to correct the deficiencies noted in the Court's Order. *See id.* On April 17, 2018, Plaintiff filed his First Amended Complaint ("FAC"). Doc. No. 5. However, once again, the Court found that Plaintiff failed to state a claim and DISMISSED his FAC with leave to amend. Doc. No. 9. On July 5, 2018, Plaintiff filed his Second Amended Complaint ("SAC"). Doc. No. 10.

## II.    Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.    Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2) and citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) calls for dismissal of a complaint that

does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### C. Access to Courts claim

While Plaintiff's SAC is not clear at times, it appears that he is alleging that Defendant Tiscornia, Prison Law Librarian, and her supervisor, Mrs. Monrt, attempted to "derail" Plaintiff's complaints, denied Plaintiff "indigent person allowances of services," and caused complaints to be untimely filed with the courts. SAC at 2, 3. Plaintiff also claims that the actions of Defendants caused a "serious deprivation" of his civil rights. *Id.* at 3.

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking

claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4). Here, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Despite the Court's informing Plaintiff of the deficiency of his pleadings as to this issue in previous Orders, *see* Doc. No. 4 at 6; Doc. No. 9 at 4, Plaintiff's SAC again fails to allege the actual injury that incurred as a result of any of Defendants' actions. This is fatal to his claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Plaintiff's SAC fails to include any "factual matter" to show how or why any of Defendants caused him to suffer any "actual prejudice," "such as the inability to meet a filing deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678. Thus, because Plaintiff has failed to allege facts sufficient to show that any named Defendant caused him to suffer any "actual injury" with respect to any non-frivolous action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds

Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which § 1983 relief can be granted.

Plaintiff's SAC must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because Plaintiff has already been provided two opportunities to amend his claims but has failed to cure the deficiencies notes in the Court's rulings, the Court denies further leave to amend because it would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014).

### III. Conclusion and Order

For the reasons discussed, the Court finds Plaintiff's SAC fails to state a claim upon which relief may be granted and **DISMISSES** this civil action without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

The Clerk is **DIRECTED** to close the file.

**IT IS SO ORDERED**.

Dated: July 30, 2018

Hon. Gonzalo P. Curiel
United States District Judge